UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER JACOME,<br>CDCR #BD-1845,<br><br>         Petitioner,<br><br>  vs.<br><br>IRS OF CALIFORNIA, et al.,<br><br>         Respondents. | Case No.: 21cv2083-JLS (MSB)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)** |

On December 2, 2021, Petitioner Alexander Jacome, a state prisoner proceeding pro se, filed this action pursuant to the All Writs Act, 28 U.S.C. § 1651, but failed to pay the $402 civil filing fee or submit a request to proceed *in forma pauperis* ("IFP"). (ECF No. 1.) Petitioner sought a writ of mandate from this Court directing his early release from state custody and requiring payment of his "stimulus money." (*Id*. at 1–3.)

On December 16, 2021, the Court dismissed this action without prejudice for failure to satisfy the filing fee requirement. (ECF No. 2.) Petitioner was instructed that he was required to either pay the entire filing fee or submit a request to proceed IFP on or before January 14, 2022. (*Id*. at 1.)

1

On December 28, 2021, Petitioner filed a document titled: "Amended Federal Habeas Corpus 2254. Application to Proceed 'In Forma Pauperis.'" (ECF No. 3.) In this document, Petitioner states that he wishes to have this action construed as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which he is challenging his state court convictions and that he sent a 2254 habeas petition form to the Court which should have arrived before the instant document. (*Id*. at 1–2.) As of the date of this Order, the Court has received no such habeas petition form from Petitioner.

All parties instituting any civil action in a district court of the United States must pay a filing fee of $402, with the exception of a petition for writ of habeas corpus for which the filing fee is $5.00, and the action may proceed despite a failure to prepay the entire fee only if leave to proceed IFP is granted pursuant to 28 U.S.C. § 1915(a).[1] *See* 28 U.S.C. § 1914(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

Irrespective of whether this action is construed as a civil action requiring a $402 civil filing fee or a habeas action requiring a $5.00 filing fee, a request to proceed IFP from a prisoner must include a certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution. *See* Rule 3(a), 28 U.S.C. foll. § 2254; 28 U.S.C. § 1915(a)(2). Petitioner failed to submit the required prison certificate and has in fact presented no financial documentation whatsoever.

Accordingly, Petitioner's Motion to Proceed In Forma Pauperis (ECF No. 3) is hereby **DENIED** and this action remains **DISMISSED** without prejudice for failure to satisfy the filing fee requirement. Petitioner must, **on or before February 14, 2022**, either: (a) prepay the entire filing fee in full; or (b) complete and file a Motion to Proceed In Forma Pauperis which complies with 28 U.S.C. § 1915(a)(2) and the Southern District of

---

[1] In addition to a $350 fee, civil litigants, other than those granted leave to proceed IFP, must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).

California's Civil Local Rule 3.2(b).  The Clerk of the Court is **DIRECTED** to provide Petitioner with this Court's approved form "Motion and Declaration in Support of Motion to Proceed In Forma Pauperis" along with a copy of this Order.  If Petitioner fails to timely prepay the filing fee or timely complete and submit the enclosed Motion to Proceed In Forma Pauperis the Court will enter a final judgment of dismissal.

**IT IS SO ORDERED.**

Dated:  January 6, 2022

Hon. Janis L. Sammartino
United States District Judge