UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER JACOME, CDCR #BD-1845,<br><br>                                    Petitioner,<br><br>v.<br><br>IRS OF CALIFORNIA, et al.,<br><br>                                    Respondents. | Case No.: 21-CV-2083 JLS (MSB)<br><br>**ORDER: (1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; (2) DENYING MOTION TO APPOINT COUNSEL; AND (3) DISMISSING SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE** |

On December 2, 2021, Petitioner Alexander Jacome ("Petitioner"), a state prisoner proceeding pro se, filed this action pursuant to the All Writs Act, 28 U.S.C. § 1651, but failed to pay the $402 civil filing fee or submit a request to proceed *in forma pauperis* ("IFP"). *See* ECF No. 1. Petitioner sought a writ of mandate from this Court directing his early release from state custody and requiring payment of his "stimulus money." *Id*. at 1–3. On December 16, 2021, the Court dismissed this action without prejudice for failure to satisfy the filing fee requirement. *See* ECF No. 2.

1

On December 28, 2021, Petitioner filed a document titled "Amended Federal Habeas Corpus 2254. Application to Proceed 'In Forma Pauperis.'" *See* ECF No. 3. In that document, Petitioner stated that he wished to have this action challenging his state court conviction construed as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *Id*. at 1–2. On January 6, 2022, the Court denied Petitioner's application to proceed IFP because it was not accompanied by the required financial documentation. *See* ECF No. 4.

On January 20, 2022, Petitioner filed a Motion to Amend/Correct in which he requested this action be retitled as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with a motion to proceed IFP. *See* ECF Nos. 5 & 6. On January 31, 2022, the Court granted Petitioner's request to retitle this action as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and denied his IFP application because it once again failed to include the required financial documentation. *See* ECF No. 7.

On February 7, 2022, Petitioner filed a Second Amended Petition for a Writ of Habeas Corpus, a Motion for Leave to Proceed IFP, and a Motion to Appoint Counsel. *See* ECF Nos. 8–10.

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

The filing fee for a petition for a writ of habeas corpus is $5.00, and the action may proceed despite a failure to prepay the entire fee only if leave to proceed IFP is granted pursuant to 28 U.S.C. § 1915(a). *See* 28 U.S.C. § 1914(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). A request to proceed IFP from a prisoner must include a certificate from the warden or other appropriate officer showing the amount of money or securities the petitioner has on account in the institution. *See* Rule 3(a), 28 U.S.C. foll. § 2254; 28 U.S.C. § 1915(a)(2). The Court's prior orders denying leave to proceed IFP have twice notified Petitioner of the requirement that he must submit a prison certificate. *See* ECF No. 4 at 2; ECF No. 7 at 2. Yet, he has once again failed to submit the required prison certificate. *See generally* ECF No. 9. Accordingly, the Court **DENIES** Petitioner's Motion to Proceed IFP.

# FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States. Petitioner states that he is challenging a conviction from the San Diego County Superior Court for assault likely to cause great bodily injury arising from a guilty plea he entered on June 30, 2021. *See* ECF No. 8 at 1–2. Although Petitioner has used this Court's approved 28 U.S.C. § 2254 petition form, he has substituted several handwritten pages in place of the pages used in the form to identify his claims and the factual basis for them. *See* ECF No. 8 at 6–8. Petitioner asks the Court to report fraud in his state criminal proceedings to the Federal Bureau of Investigation, and although he contends the fraud is obvious, nowhere does he identify it or any claim he wishes to raise in this Court other than an incomprehensible reference to restoration of custody credits. *See id*.

Subsection 2254(a) of Title 28 of the United States Code sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a); *see Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464–65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under section 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court" and that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Although Petitioner states that he is in custody pursuant to a state court conviction, in no way does he claim he is "in custody in violation of the Constitution or laws or treaties
/ / /

of the United States." 28 U.S.C. § 2254. Accordingly, the Second Amended Petition fails to state a cognizable federal habeas claim.

## MOTION TO APPOINT COUNSEL

Petitioner requests the appointment of counsel due to his inability to afford an attorney, the complexity of the issues involved, and the difficulties litigating this case in light of the Covid-19 pandemic. *See* ECF No. 10 at 1. The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation when "the district court 'determines that the interests of justice so require.'" *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990), quoting 18 U.S.C. § 3006A(a)(2)(B). Appointment of counsel is discretionary where no evidentiary hearing or discovery is necessary. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728.

"Indigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1101, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728–29. Failure to appoint counsel may result in a due process violation if the issues involved are too complex for the petitioner. *Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir. 1970). "A district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994).

Here, Petitioner has not demonstrated his financial eligibility for appointed counsel given that he has failed to submit the required prison certificate to support his Motion to Proceed IFP. *See generally* ECF No. 9. Further, the interests of justice do not warrant the appointment of counsel at this time because Petitioner has not yet articulated his claims. Accordingly, the Court **DENIES WITHOUT PREJUDICE** Petitioner's Motion to Appoint Counsel. Petitioner may renew his request at a later time.

## CONCLUSION AND ORDER

In light of the foregoing, the Court **DENIES** Petitioner's Motion to Proceed *in Forma Pauperis* (ECF No. 9) and his Motion to Appoint Counsel (ECF No. 10). The Court also **DISMISSES WITHOUT PREJUDICE** Petitioner's Second Amended Petition for a Writ of Habeas Corpus for failure to state a claim cognizable on federal habeas.

If Petitioner wishes to proceed with this action, he must, on or before March 14, 2022, either: (a) prepay the $5.00 filing fee or (b) complete and file a Motion to Proceed *in Forma Pauperis* that complies with 28 U.S.C. § 1915(a)(2) and Civil Local Rule 3.2(b); **and** file a Third Amended Petition for a Writ of Habeas Corpus identifying and articulating a cognizable federal claim. The Clerk of the Court **SHALL PROVIDE** Petitioner with the Court's approved form motion to proceed *in forma pauperis* and the Court's Amended Petition (28 U.S.C. § 2254) form together with a copy of this Order. ***If Petitioner fails to timely prepay the filing fee or timely complete and submit the enclosed Motion to Proceed in Forma Pauperis and/or fails to timely file an amended petition, the Court will enter a final judgment of dismissal.***

IT IS SO ORDERED.

Dated: February 9, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge